In the Matter of DOMINICK F., Respondent. COUNTY OF ONON-
DAGA, Appellant.

Fourth Department, May 23, 1980

## APPEARANCES OF COUNSEL

*Robert J. Rossi (Thomas Hughes* of counsel), for appellant.

*Richard Ellison, Law Guardian,* for respondent.

### OPINION OF THE COURT

SIMONS, J. P.

Respondent, age 14, has been charged in this juvenile delinquency proceeding with conduct which, if committed by an adult, would constitute criminal mischief, second degree. Specifically, it is alleged in the petition that he and other juveniles destroyed two greens at the Liverpool Golf and Country Club, Liverpool, New York, by digging holes in them with a shovel and writing obscenities in the dirt.

The appeal is from an order of Family Court which suppressed respondent's written confession and ordered the petition dismissed. The confession was obtained by the police during custodial questioning of respondent in his home in the presence of his parents and after they had been advised of respondent's *Miranda* rights and had waived them. The confession is signed by respondent and his father.

In suppressing the confession Family Court did not determine as a fact that it was involuntary (see *Gallegos v Colorado,* 370 US 49, 55; *People v Stephen J. B.,* 23 NY2d 611, 617). Rather, it ruled that the statement was involuntary as a matter of law because respondent was incapable of waiving his right to counsel. The court's determination was based upon section 249-a of the Family Court Act* (see *Matter of Schaefer,* 97 Misc 2d 487, 490-493, a similar decision by the same Judge). We hold that the statute did not prohibit respondent from waiving his right to counsel under the circumstances present here and we, therefore, remit the matter to Family Court for a factual determination of whether he understood his rights and knowingly waived them.

The Legislature has provided that minors are entitled to be

---

* Section 249-a, Waiver of Counsel, "A minor who is a subject of a juvenile delinquency or person in need of supervision proceeding shall be presumed to lack the requisite knowledge and maturity to waive the appointment of a law guardian. This presumption may be rebutted only after a law guardian has been appointed and the court determines after a hearing at which the law guardian appears and participates and upon clear and convincing evidence that (a) the minor understands the nature of the charges, the possible dispositional alternatives and the possible defenses to the charges, (b) the minor possesses the maturity, knowledge and intelligence necessary to conduct his own defense, and (c) waiver is in the best interest of the minor."

represented by the counsel in Family Court proceedings and if independent legal representation is not available, the court must appoint a Law Guardian, an attorney, to represent "a minor who is the subject of the proceeding" (Family Ct Act, §§ 241, 249, subd [a]). The act was amended in 1978 by adding section 249-a, which provides that a minor who is the "subject" of a juvenile delinquency or PINS proceeding "shall be presumed to lack the requisite knowledge and maturity to waive the appointment of a law guardian." Family Court construed this section as preventing a minor, for all practical purposes, from waiving his rights during custodial interrogation. It held that even before the commencement of a judicial proceeding by the filing of an accusatory instrument or the occurrence of significant judicial activity a minor may not waive counsel until an attorney has been appointed, a hearing held, and the court has determined on "clear and convincing evidence" that the minor wishes to waive his rights and is mature enough to do so knowingly. No such rule applies in adult cases, of course. An adult, if he is not then represented, may waive counsel on his own at any time before judicial proceedings have begun *(Miranda v Arizona,* 384 US 436; and see *People v Samuels,* 49 NY2d 218, 221; *People v Settles,* 46 NY2d 154, 163-165; *People v Blake,* 35 NY2d 331, 339-340), a time usually determined by the filing of an accusatory instrument. As a matter of constitutional law, the same rule applies to minors *(Matter of Gault,* 387 US 1; *Matter of Emilio M.,* 37 NY2d 173; *Matter of Raphael A.,* 53 AD2d 592; and see *Gallegos v Colorado, supra).* The only consideration is whether the defendant, be he adult or minor, knowingly and intelligently waived his rights after being fully advised of them *(Miranda v Arizona, supra,* p 479; *Gallegos v Colorado, supra).* Thus in this appeal we determine whether section 249-a creates a new procedure which must be followed in juvenile delinquency and PINS cases before a minor may be questioned in the absence of a lawyer.

There are special reasons, of course, to insist that care be exercised by law enforcement authorities investigating juvenile offenses. To that end, the Family Court Act provides that when a minor is taken into custody, his parents must be notified immediately, he must be taken before Family Court promptly and the police shall not question him except in facilities designated by the Appellate Division (Family Ct Act, § 724). But section 724 (subd [b], par [ii]) of the act has

permitted interrogation of minors when necessary in the past, and it remains unchanged even after the addition of section 249-a in 1978, thereby continuing the statutory authorization to interrogate. The construction that Family Court has placed upon section 249-a in this case leaves it unnecessarily at odds with the clear language of that section.

Moreover, the language fixed upon by Family Court to support its decision, a minor who is the "subject" of a proceeding, is not new to the act. For many years section 249 of the Family Court Act has required that Law Guardians be appointed for minors "subject" to proceedings. To our knowledge it has never been seriously contended that that language extended the right to counsel to minors during the investigative stage of the proceedings.

The purpose and scope of the statute may be discovered from decisions and the legislative history which preceded its passage. It is a well-established rule that a defendant has a constitutional right to conduct his own defense (see *Faretta v California,* 422 US 806; *People v McIntyre,* 36 NY2d 10; *People v Nelson,* 72 AD2d 64), and the courts have required that special care be observed when applying that rule to minors before permitting them to give up their right to counsel in Family Court proceedings (see *Matter of Lawrence S.,* 29 NY2d 206). Nevertheless, even after *Lawrence* was decided it was apparent that a large percentage of juvenile offenders were waiving counsel during the relative informality of such proceedings and it was deemed advisable to codify the rules pertaining to such waivers. Therefore, section 249-a was enacted to insure that: "Counsel may only be waived after the appointment of a law guardian, and a hearing held to determine whether the respondent understands the charges, the dispositional alternatives, the possible defenses and [that he possesses] the knowledge maturity and intelligence *to conduct his own defense.* The court must also determine that waiver is in the best interest of the respondent" (Memorandum in support of the bill by the Office of Court Administration, 1978 McKinney's NY Session Laws, p 1930; emphasis added; see, also, NY Legis Ann, 1978, p 303, and reports of various agencies included in the bill jacket). As these supporting memoranda establish, the statute was designed to protect minors against ill-advised self-representation once a petition had been filed, not to foreclose investigation before proceedings have been started.

The order should be reversed, the petition reinstated and the matter remitted to Family Court for further proceedings in accordance with this opinion.

HANCOCK, JR., CALLAHAN, DOERR and MOULE, JJ., concur.

Order unanimously reversed, on the law, without costs, petition reinstated, and matter remitted to Onondaga County Family Court for further proceedings, in accordance with opinion by SIMONS, J. P.