FOURTH DEPARTMENT, JULY, 1981

(July 9, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ALSTON, Appellant. — Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the court in sentencing him as a second felony offender on his plea of guilty to grand larceny, third degree, erred in failing to grant him a hearing pursuant to CPL 400.21 (subd 5). On sentencing, defendant did not controvert the facts in the People's statement (CPL 400.21, subd 2) alleging that he had previously been convicted of escape, second degree (CPL 400.21, subd 3) and did not challenge the escape conviction on constitutional grounds (CPL 400.21, subd 7, par [b]). On appeal he specifies no ground for such constitutional challenge. At the time of sentencing, defendant did object to his treatment as a second felony offender, but only on the ground that there

was no affirmative showing before the court that the court which had previously sentenced him on the escape charge had complied with CPL 720.20 (subd 1), i.e., that it had ordered a presentence investigation and had determined whether defendant, who had been under 19 years of age when he committed the escape, was eligible for youthful offender treatment. It does not appear that defendant raised a question concerning compliance with CPL 720.20 (subd 1) in connection with the escape conviction or sentence by appeal or by motion, and it is uncontested that that conviction and sentence have not been reversed or vacated. There is no provision in CPL 400.21 requiring the court to hold a hearing where defendant raises a question about a previous conviction or sentence relating not to its constitutional validity but solely to whether the sentencing court followed the statutory procedures such as CPL 720.20 (subd 1) requiring it to consider youthful offender eligibility. The court substantially complied with CPL 400.21 (see *People v Graham,* 67 AD2d 172, 179). We find no merit to defendant's other arguments on appeal. (Appeal from judgment of Niagara County Court, Halpin, J. — robbery, second degree.) Present — Dillon, P.J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.