OPINION OF THE COURT
Benjamin Altman, J.
Should a felony conviction be voided because the sentencing court in 1970 did not make a youthful offender finding?
The People move, pursuant to GPL 400.15 and 400.16 and sections 70.02, 70.04 and 70.08 of the Penal Law requesting that Gooding be sentenced as a persistent violent felony offender.
The People say that the defendant had been convicted once in 1970, twice in 1975, and the last time in 1981. The defendant opposes this, saying that he did not know that he was pleading to two felonies in 1975 and, moreover, there was an improper allocution in 1975 when defendant was convicted before Justice Leff.
Finally, defendant says the 1970 conviction should be voided because youthful offender treatment was never determined at sentencing and, as a consequence, should not be counted as part of the persistent felony provisions of the statute and should not be counted as a felony at the time of sentence.
*119 A hearing was held on October 21, 1981, to determine whether defendant should be sentenced as a persistent violent felony offender. The defendant was the only witness. His testimony was not direct and many times evasive; he was hardly a credible witness.
After the hearing and examining the allocution as of the 25th day of July, 1975 before Justice Leff, the court finds that the first two contentions of defendant are invalid and do not merit any further comment. Now as to the 1970 conviction and whether it should be voided: defendant claims that he thought he had been adjudicated a youthful offender in 1970. Since 1972 the procedure for youthful offender has been a judicial determination made at the time of sentence; that is, after conviction at the time of sentence defendant makes his application for youthful offender treatment. Prior to 1972 the procedure was entirely different.
Procedural differences before 1972 have been excellently outlined by Judge Denzer in the Practice Commentary to CPL article 720. (McKinney’s Cons Laws of NY, Book 11 A, CPL art 720, pp 314-316.)
“Under the Criminal Code — and as is still the case — every ‘youth’ (16, 17 or 18 years of age) charged with a crime was eligible for youthful offender treatment unless (a) the crime charged was punishable by death or life imprisonment (a class A felony under the revised Penal Law), or (b) he had a prior conviction for a felony (CCP § 913-e). The youthful offender process could take root as soon as the basic accusatory instrument was filed. There were four steps in the process of determining whether an eligible candidate was to be accorded youthful offender treatment instead of being prosecuted upon the pending indictment or information through the ordinary criminal channels. First, either a grand jury, or the district attorney, or the court in which the indictment or information was pending, had to ‘recommend’ that the defendant be ‘investigated’ for the purpose of better enabling the court to make the ultimate determination (§ 913-g [1, 2]). Second, the court had to approve or disapprove that recommendation; upon approval it had to order an investigation (usually conducted by a probation agency), provided that the *120 defendant consented to undergo a physical and mental examination which the court might choose to include as a part of the investigation (id. [3]). Third, the investigation was conducted. And, finally, the court, after considering the results, either granted or refused to grant youthful offender treatment (id. [4]).
“If the defendant was ultimately accorded youthful offender treatment, the procedure was — in practice though not clearly set forth in the Code (§ 913-g [4]). — that the indictment or information against him was sealed and replaced by a youthful offender information alleging the same facts and conduct but charging him with being a ‘youthful offender’ (not an ‘offense’) rather than with the crime or crimes spelled out by the factual allegations; and the case then proceeded upon that charge, with variations from regular criminal procedure, to a youthful offender ‘adjudication’ or other disposition (§§ 913-h, 913-j, 913-m). Except for elimination of the indeterminate prison sentences applicable to felony convictions, the sentences imposable upon youthful offenders did not vary vastly from those applicable to ordinary criminal convictions based on the same conduct (§ 913-m). * * *
“The salient feature of the final or 1971 version is a conceptual innovation which transfers the determination to grant or refuse youthful offender treatment from a point near the commencement of the criminal action and before entry of a plea, to a point virtually at the end of the action, namely, after conviction for the crime and immediately before sentence (§720.20). No step in the youthful offender process is taken until conviction (either by verdict or plea). The court then orders a pre-sentence investigation (id., subd. 1), which, generally speaking, is part of the criminal process in any event. On a subsequent date, immediately prior to pronouncing sentence, the court declares its finding upon the youthful offender issue. In some instances an affirmative finding is mandatory: an eligible youth convicted of a misdemeanor in a local criminal court who has neither a prior conviction for a crime nor a prior adjudication as a youthful offender must be found by the court to be a youthful offender (subd. 1 [b]). Otherwise, the determination is discretionary (subd. 1 [a]). Upon an affirmative *121 finding, the conviction is ‘deemed vacated and replaced by a youthful offender finding; and the court must sentence the defendant pursuant to section 720.-25/ the statute prescribing youthful offender sentences (§ 720.20 [3]).”
In 1970 defendant was indicted in Kings County twice for two robberies. This court had both indictment files produced and this court examined them.
Defendant had apparently been considered for youthful offender treatment since he signed the consent form which was in effect then in 1970. He consented on February 20, 1970 to being “examined and investigated by the court”, and the probation department thereof and to be tried without a jury if that should become necessary in order to determine whether he should be adjudged a youthful offender. Counsel for defendant was a cosignatory to the consent on February 20,1970. On May 26,1970 defendant was sentenced to reformatory sentence. Those of us who remember the youthful offender procedure before 1972 recall that by conviction and sentence time the defendant and his counsel were told and knew whether defendant would be treated as a youthful offender or not. Consequently at the time of sentence never — or almost never — was anything said about that but rather counsel’s plea was one for leniency.
Defendant cites the Taylor case (People v Taylor, 86 Misc 2d 445). Taylor is inapposite. No one knew Taylor was under age 19 (some 20 days under age 19) and he came under the present statute in any case. In the instant case, as the District Attorney indicated, the fact that Gooding was not sentenced as a youthful offender is apparently due to the severity of the crime and particularly because he had already been given the benefit of pleading guilty to one robbery to cover two separate indictments for armed robbery. That this factor was the primary consideration of the sentencing court is indicated by the Judge’s response to defendant’s attorney’s plea for leniency. The Judge said “This plea covered two robbery cases, two separate indictments which were consolidated into the one.” The minutes of the plea and sentence clearly show that the court was aware that the defendant was 18 at the time and that he had to be sentenced to the State reformatory. It should be *122 remembered that in 1970 the statute did not require youthful offender determination at the time of sentence.
Parenthetically and additionally, the thrust of what was said in People v Rosello (97 Misc 2d 963) is appropriate. The court indicated “The fact that a defendant was eligible for but did not receive youthful offender treatment does not render his 1970 conviction infirm since mere eligibility for youthful offender treatment does not mandate that it be given in a robbery case when any evidence sufficient to overcome the presumption of regularity in a court’s proceeding is lacking.” (Emphasis added.) In any case, as the People point out, even if Gooding’s position would prevail, he long ago waived any right he had to be considered as a youthful offender. (People v McGowen 42 NY2d 905.) In 1970, the procedures observed by the Kings County Supreme Court were properly legally valid.
Defendant’s application is rejected and defendant is to be sentenced as a persistent violent felony offender.