OPINION OF THE COURT
Rena K. Uviller, J.
This motion challenging defendant’s predicate felon status poses another and still unresolved facet of a recurrent question: Whether the failure to accord an eligible defendant an express determination of his youthful offender status nullifies the conviction for purposes of calculating his subsequent predicate felony status. (CPL 400.21, subd 7.) Also at issue here are the elusive standards for assessing attorney competence in the plea negotiation process, especially when a youth is concerned. What are the respective duties of court and counsel in raising the youthful offender issue and when do their respective failures amount to constitutional transgression?
The defendant urges that his 1974 conviction for robbery, when he was 18 years old and without any prior felony convictions, was unconstitutional for two separate and distinct reasons. His first claim — that the court’s failure to make an express youthful offender finding nullified the 1974 conviction as a predicate felony — has received scant appellate attention. (See People v Alston, 83 AD2d 744.) His second complaint — that his then attorney’s failure to request youthful offender status deprived *1039 him of his Sixth Amendment right to competent counsel — has not been analyzed in terms of counsel’s special obligations toward an eligible youth under the 1971 youthful offender statute.
I. THE COURT’S OBLIGATION
It is undisputed that at the time of defendant’s 1974 plea and sentencing for robbery, no mention was made of youthful offender treatment one way or the other. Defendant argues that this was in violation of the express terms of the then and present youthful offender statute which requires the court to enter a finding on that issue.*
This very claim remained unresolved by the recent and careful opinion of Justice Benjamin Altman in People v Gooding (112 Misc 2d 118). Gooding’s predicate conviction arose under the predecessor youthful offender statute. The present statute provides that youthful offender status be determined at sentence. By contrast, the old statute provided that the determination be made at the onset of the prosecution. Since the predicate conviction in Gooding arose under the old statute, Justice Altman concluded that failure to articulate youthful offender status at sentence in 1970 did not render that conviction void for purposes of a later persistent felony determination. Gooding implies that the conclusion might be different if the earlier conviction were under the new youthful offender statute, as it was here.
Assuming, arguendo, that the 1974 court erred in failing to make an express finding (cf. People v McGowen, 42 NY2d 905), the question is whether that statutory dereliction amounts to a constitutional deprivation. The predicate felon provision of the Criminal Procedure Law clearly provides that prior convictions had in violation of constitutional rights may not serve as a basis of enhanced punishment for the instant offense. It does not require a sentencing court to disregard prior convictions that were, arguably, statutorily infirm. CPL 400.21 (subd 7) provides: “(b) *1040 A previous conviction * * * which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction.”
It is well established that a defendant has no constitutional right to youthful offender consideration. The more lenient treatment accorded to youths is “entirely a gratuitous creature of the Legislature”. (People v Drayton, 39 NY2d 580, 584.) As long as a statutory scheme for leniency facially comports with constitutional guarantees, and its application is not arbitrary or invidious, a defendant has no absolute right to its advantages. {Kent v United States, 383 US 541; Woodard v Wainwright, 556 F2d 781; Stokes v Fair, 581 F2d 287, cert den 439 US 1078.)
The statutory, as opposed to constitutional, nature of our youthful offender scheme has been recognized by the Fourth Department in a context relevant to defendant’s claim. In People v Alston (83 AD2d 744, supra), the appellate court affirmed a trial court’s refusal to grant defendant a predicate felony hearing. The defendant sought to show, as does this defendant, that his earlier conviction failed to comport with the current youthful offender statute. The court observed that (p 745): “[tjhere is no provision in CPL 400.21 requiring the court to hold a [predicate felony] hearing where defendant raises a question about a previous conviction or sentence relating not to its constitutional validity but solely to whether the sentencing court followed the statutory procedures such as CPL 720.20 (subd 1) requiring it to consider youthful offender eligibility.”
The defendant misplaces his reliance upon People v Billups (47 AD2d 869). In Billups, as in People v Mendoza (57 AD2d 846) and People v Barrow (51 AD2d 912), appellate courts remanded for failure of the sentencing court to consider youthful offender status, and noted the statutory obligation to do so. Those remands, however, all occurred in the course of direct appeals from the very convictions in which the defendants claimed they were statutorily entitled to a youthful offender determination. They did not arise in this context, i.e., a later predicate felony proceeding in which the defendant seeks to challenge an earlier
*1041 conviction on constitutional grounds. Moreover, in light of People v McGowen (42 NY2d 905, supra), Billups may no longer be viable, since McGowen appears to absolve the sentencing court from the duty to raise the youthful offender issue altogether and to place the responsibility upon counsel.
In McGowen the Court of Appeals held that a defendant’s failure at sentence to request that his youthful offender status be adjudicated, constituted a waiver. (See, also, People v Alston, supra.) Since the record in this case shows that defendant’s attorney did not raise the issue in 1974, it may be concluded that the court committed no error and that defendant waived the issue.
More persuasively, if, according to McGowen (supra), a silent record concerning youthful offender status constitutes a waiver, the failure to enter a youthful offender finding cannot be an error of constitutional magnitude. It is a cardinal tenet of our jurisprudence that where a right or privilege is of constitutional magnitude, its waiver will never be inferred. It must be knowing and it must be express (Boykin v Alabama, 395 US 238; Johnson v Zerbst, 304 US 458, 464).
Accordingly, this court rules that the failure of the sentencing court in 1974 to enter an express finding regarding defendant’s youthful offender status does not constitute a constitutional infirmity within the meaning of CPL 400.21 (subd 7, par [b]). Insofar as People v Taylor (86 Misc 2d 445) reaches a contrary conclusion, it is expressly rejected.
II. counsel’s obligation
Defendant also challenges the constitutionality of his prior conviction on the ground that his then attorney’s failure to request youthful offender treatment violated his Sixth Amendment right to the effective assistance of counsel.
The 1971 amendments to the youthful offender statute, as noted earlier, shifted the responsibility for invoking the youthful offender process away from the District Attorney and the court at the inception of the prosecution. The new scheme removed the youthful offender issue to the sen *1042 tence stage of the proceeding. (Cf. CPL 720.20 and its predecessor, Code Crim Pro, § 913-g; see, also, Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 720, pp 314-316; People v Gooding, 112 Misc 2d 118, supra; People v Rosello, 97 Misc 2d 963; People v Woodman, 94 Misc 2d 266.) Moreover, since People v McGowen (supra), may have absolved the sentencing Judge from the duty to raise the youthful offender issue and placed it squarely with defense counsel, defendant’s claim of a Sixth Amendment violation because of his attorney’s failure to do so bears serious consideration.
The standard for assessing effectiveness of counsel remains unsettled in New York. The older, more traditional standard is that a Sixth Amendment violation occurs only when an attorney’s performance renders the trial “ ‘a farce and a mockery’ ”. (People v Tomaselli, 7 NY2d 350, 354.) The Court of Appeals has recently noted a departure from that standard and a movement toward the stricter standard of “reasonable competence.” (People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394.) The court, however, has not definitively rejected the older standard nor yet adopted the new. Thus, in Aiken (supra), the court, while describing both standards, did not choose between them, but determined that counsel’s performances passed muster under either.
Despite the fact that our Court of Appeals has not yet mandated the more stringent standard, this court is not unmindful of the special duty of care owed to a young person charged with crime. Not only does the court have a special obligation (Condon v McMann, 417 F2d 664; United States ex rel. Codarre v Gilligan, 363 F2d 961). Counsel, as well, owes a higher duty of concern and caution to a young and inexperienced defendant. (See, generally, Matter of Orlando F., 40 NY2d 103; Matter of Dominick F., 74 AD2d 485.) Because of defendant’s youth in 1974, this court adopts the more stringent standard in evaluating defendant’s 1974 counsel.
That evaluation is complicated here by the fact that defendant’s 1974 conviction was by guilty plea. However unclear the standards may be for assessing counsel’s competence at trial, they are virtually nonexistent in the *1043 context of the plea negotiation process. (People v Claudio, 85 AD2d 245.)
The ultimate test of counsel’s performance at plea negotiations must sufely be whether he has secured a beneficial sentence for his client. And from the client’s perspective at least, beneficial means lenient. Whether the defendant has been treated leniently is, in turn, to be inferred from numerous factors, many of them intangible. They include the seriousness of the charge, the strength of the People’s case, the reputation for sternness or leniency of the particular Judge, and the defendant’s personal history and prior criminal record.
This defendant’s 1974 conviction resulted from an indictment that included two counts of robbery, one in the first degree and one in the second degree. If convicted of robbery in the first degree, he faced a sentence of up to 25 years’ imprisonment. At that time he already had a prior record of eight arrests and five misdemeanor convictions. The court (in 1974) observed that the crime was “nasty and vicious * * * involving a gun and a robbery.” Nonetheless, the defendant was permitted to plead to a single D felony to cover the indictment and received a five-year probationary sentence.
Although his attorney did not formally request youthful offender status, his restraint in light of the foregoing, was surely knowing and strategic. Reasonably assessing his client’s chances for youthful offender adjudication in light of his past record and the nature of his crime, counsel undoubtedly concluded that such a request would have been futile and perhaps antagonizing and thus harmful to his client. Counsel merely forsook an unlikely benefit in order to achieve an attainable concession — leniency of sentence.
A capable lawyer in the plea bargaining process is not obliged to insist upon every conceivable right or benefit available to his client. Rather, he or she must make a realistic and strategic decision as to what will ultimately best serve the client’s interest. In light of this defendant’s exposure to 25 years’ imprisonment, his considerable past record, and the nature of the crime, the sentence of proba *1044 tion that he received is indeed the best evidence of his lawyer’s competence.
Accordingly, this court also rules that defendant’s 1974 conviction was not in violation of his Sixth Amendment rights. The 1974 conviction may serve as a basis for enhanced penalty at this time.
Defendant’s motion to dismiss the petition designating him a predicate felon is denied.

 CPL 720.20 (subd 1) provides: “Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not an eligible youth is a youthful offender.”