■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. WARDEN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 8, 1987, convicting defendant upon his plea of guilty of two counts of the crime of commercial bribe receiving in the first degree.

Defendant was the director of plant operations for Samaritan Service Corporation and its related nonprofit organizations, Child's Hospital, Child's Nursing Home Company and the Episcopal Diocese of Albany, doing business as Nelson House. Between August 1981 and March 1985, defendant acted in concert with suppliers and contractors in various schemes whereby defendant received numerous kickbacks in exchange for engaging certain services. Funds for the kickbacks were generated by charging defendant's employer an excess amount for the goods and services. An investigation by the Attorney-General resulted in a 12-count indictment charging defendant with the crimes related to his fraudulent activities.

In July 1987, defendant pleaded guilty to two counts of commercial bribe receiving in the first degree in full satisfaction of the charges against him. As part of the plea arrangement, County Court agreed that it would not impose a sen-

tence of imprisonment greater than 1 to 3 years on both counts, to run concurrently. The court ultimately sentenced defendant to the maximum period of incarceration allowed under the terms of the plea arrangement. The court stated as reasons for this sentence the need to deter others involved in such activities and defendant's refusal, after his arrest, to cooperate in the investigation of the many others suspected of engaging in related unlawful conduct. This appeal followed.

Defendant seeks a reduction of his sentence in the interest of justice. In the absence of a clear showing of extraordinary circumstances or an abuse of discretion, the sentence imposed by the sentencing court is rarely disturbed (see, e.g., People v Mackey, 136 AD2d 780; People v Andrews, 115 AD2d 807). Defendant attempts to establish extraordinary circumstances primarily by pointing out that he is suffering from a medical condition which requires medication and that others involved in the kickback schemes received less onerous sentences than defendant. Although an individual's physical condition is a factor which may be reviewed when considering whether to reduce a sentence in the interest of justice (see, People v Notey, 72 AD2d 279), a weighing of all the relevant circumstances is required and a sentence will not necessarily be reduced every time the defendant is suffering from an infirmity (see, People v Brandow, 139 AD2d 819; People v Cyr, 119 AD2d 901, lv denied 68 NY2d 756). Here, County Court made clear that defendant would receive the necessary treatment and instructed defendant's attorney to inform the court if a problem developed in this regard. No such problems have been indicated.

Turning to the issue of the alleged disparate sentences, sentencing is generally a matter of discretion within the statutorily prescribed parameters, and disparate sentences for similar crimes or for codefendants in the same crime do not necessarily present a situation where modification of the greater sentence will be in order (see, People v Hoppe, 47 AD2d 571, 572; People v Roberts, 35 AD2d 760). Here, the more lenient sentences were given by a different Judge and the individual circumstances varied. For example, one of the individuals who received a more lenient sentence than defendant had cooperated with authorities in their investigation. Defendant's refusal to cooperate was evidenced early when, during a conversation which was being taped, he informed another individual involved in the kickback schemes as follows: "The only thing Charlie Warden is gonna say is, my name is Charlie Warden, I live on E Street in Rensselaer, I

didn't do anything." Defendant's persistent refusal to aid the investigation into this apparently pervasive problem was confirmed by the Assistant Attorney-General at the time of sentencing. The United States Supreme Court has held that a defendant's failure to cooperate with government officials conducting an investigation of a related crime is an appropriate factor to consider when sentencing a defendant (*Roberts v United States*, 445 US 552).

County Court's concern that the sentence serve as a deterrent was reasonable under the circumstances of this case. Defendant himself had referred to the activities which he engaged in as a common practice. His disdain for the criminal justice system was evidenced by the following counsel which he gave to another individual involved in the illegal activities: "They'll slap you with a fine and probation and everything. They won't put you in * * * jail." In the final analysis, it is clear that defendant received a favorable plea agreement and that the sentence imposed was within the terms of the agreement. In light of all the circumstances of this case, we are unconvinced that defendant's sentence should now be reduced in the interest of justice.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ.