■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VEGA, Appellant.—

Defendant pleaded guilty to robbery in the third degree in full satisfaction of the indictment. On appeal, he challenges his classification as a second felony offender, claiming that the prior conviction was unconstitutionally obtained because he was denied effective assistance of counsel. Specifically, defendant points out that his counsel on the 1977 conviction failed to request that he be granted youthful offender treatment, despite his eligibility.

The law is well settled that it is the defendant's burden to prove the unconstitutionality of a prior conviction by "substantial evidence" once the fact of the conviction has been proven by the People. *(People v Harris,* 61 NY2d 9, 15.) It has also been held that "[w]hat constitutes effective assistance is

not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation". *(People v Baldi,* 54 NY2d 137, 146; *People v Droz,* 39 NY2d 457, 462.)

In applying these standards to the case before us, we conclude that the record of the 1977 conviction does not support defendant's contention of ineffective assistance of counsel. The 1977 conviction involved multiple counts of robbery, assault and criminal possession, convictions which could have resulted in a possible prison term of 25 years. Defendant's sentence was one of five years' probation. As Justice Vitale noted, it is apparent that defendant's counsel was able to negotiate a "lenient and beneficial" sentence, which was the matter of primary concern to defendant. *(See, People v De Shields,* 115 Misc 2d 1038, 1043.) Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.