■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MERCHANT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.) rendered March 30, 1989, convicting him of murder in the second degree (two counts), and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of a fair trial because of the destruction of certain *Rosario* material, i.e., the interrogating detective's original, handwritten notes, has not been preserved for appellate review *(see, People v Lopez,* 160 AD2d 565, 566; *People v Tabora,* 139 AD2d 540, 542).* Although the defendant had been alerted at the suppression hearing that these notes had been destroyed after the detective had transferred them to another typewritten document, he did not object either before or during trial to the absence of these notes, nor did he request that the court remedy any perceived prejudice by precluding the interrogating detective's testimony or by giving an adverse inference instruction *(cf., People v Martinez,* 71 NY2d 937; *People v Haupt,* 71 NY2d 929; *People v Diaz,* 169 AD2d 776).* We note, in any event, that this case is distinguishable from *People v Wallace* (76 NY2d 953) in that it is not alleged that the People failed to exercise due care in preserving the preliminary notes, and there is no indication that the defendant was in any way prejudiced by their destruction, since a three-page "copy" of them had been made and timely exchanged with the defense, and the defendant's statement, compiled from the notes, had been authenticated by him *(see, People v Winthrop,* 171 AD2d 829).*

The trial court properly exercised its discretion in refusing to permit the defendant's neighbor to testify that in her opinion the defendant was illiterate *(see, People v Cronin,* 60 NY2d 430; *People v Randt,* 142 AD2d 611).* We note that the defendant was in no way prejudiced by this restriction as he was fully able to present to the jury, through the testimony of his junior high school teacher, his theory that he was too illiterate to have read his written confession, which he contended was fabricated by the interrogating officer. In any event, any error was harmless in view of the overwhelming

evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

There is no merit to the defendant's *pro se* claim that his sentence was excessive when compared to that received by his codefendant. The sentencing court was entirely justified in sentencing the defendant to a greater term of imprisonment than his codefendant because the evidence adduced at trial established that it was the defendant who stabbed the victim to death. In addition, the codefendant cooperated with the prosecution, and negotiated a plea to a lesser crime *(see, People v Warden,* 141 AD2d 913, 914; *People v Semkus,* 122 AD2d 287, 288; *cf., People v Green,* 75 AD2d 502, 503).

The remaining contentions advanced by the defendant in his supplemental *pro se* brief are either unpreserved for appellate review or without merit. Mangano, P. J., Sullivan, Eiber and Balletta, JJ., concur.