■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CALHOUN, Appellant.—Judgment unanimously affirmed. Memorandum: At the time of sentencing, defendant, a second felony offender *(see,* Penal Law § 70.06), was "subject to an undischarged indeterminate sentence of imprisonment imposed prior to the date on which the present crime was committed" (Penal Law § 70.25 [2-a]). Thus, the court was required to impose a sentence to run consecutively to the undischarged portion of his prior sentence *(see,* Penal Law § 70.25 [2-a]; *Matter of Rolon v Senkowski,* 160 AD2d 1072, 1073, *appeal dismissed* 76 NY2d 772; *People ex rel. Wilson v Kelly,* 142 AD2d 989; *People ex rel. Hodge v Wells,* 133 AD2d 497, 499, *lv denied* 70 NY2d 613). (Appeal from Judgment of Jefferson County Court, Clary, J.—Burglary, 2nd Degree.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT DeTOMASO, Appellant.—Judgment unanimously affirmed. Memorandum: The sentence imposed was neither unduly harsh nor excessive, and there was no abuse of discretion by the sentencing court that would support a modification of defendant's sentence *(see, People v Farrar,* 52 NY2d 302, 305). The fact that defendant received a more severe sentence than his codefendants does not warrant a reduction of his sentence *(see, People v Warden,* 141 AD2d 913, 914). In imposing sentence, the sentencing court was entitled to consider the codefendants' extensive cooperation with the authorities and defendant's relative lack of cooperation *(see, People v Merchant,* 171 AD2d 887, 888; *People v Warden, supra,* at 914). Further, defendant was sentenced in accordance with his plea agreement. "Having received the benefit of his bargain, defendant should be bound by its terms" *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918). (Appeal from Judgment of Onondaga County Court, Burke, J.—Conspiracy, 2nd Degree.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.