■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO SOLORZANO, Appellant. [606 NYS2d 997] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 18, 1992, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Appellate review of the issues raised by the defendant was effectively waived by him as part of his plea bargain *(see, People v Seaberg,* 74 NY2d 1, 8-9; *see also, People v Callahan,* 80 NY2d 273). Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STEVENSON, Appellant. [604 NYS2d 261] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered June 9, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the sentencing court penalized him for his refusal to cooperate with the Probation Department. However, a sentencing court is permitted to consider all relevant factors in arriving at a sentence *(see, People v Farrar,* 52 NY2d 302, 305) and may consider the extent of a defendant's cooperation or lack thereof with the authorities *(see, People v DeTomaso,* 186 AD2d 1023; *People v Warden,* 141 AD2d 913, 914-915). The sentencing court herein considered all the relevant factors. Notably, the court stated that the sentence was appropriate given the defendant's prior criminal history. We agree. The defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and we decline to consider them in the exercise of our interest of justice jurisdiction. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.