People v Walker (2019 NY Slip Op 03932)





People v Walker


2019 NY Slip Op 03932


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9378 4907/07 5375/16

[*1]The People of the State of New York, Respondent,
v
Moustapha Walker, Defendant-Appellant.


Seon J. Lee Law Firm, New York (Seon J. Lee of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered January 11, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 3½ years, unanimously affirmed.
Defendant failed to meet his burden of establishing that his prior conviction was unconstitutionally obtained (see CPL 400.21[7][b]). Defendant's ineffective assistance of counsel claim based on his prior counsel's failure to request youthful offender treatment is unavailing, because the court expressly found that defendant should not receive such treatment, and defendant received a relatively lenient eight-year prison sentence on his plea of guilty to first-degree robbery, in satisfaction of an indictment charging second-degree murder among other things (see People v Reyes , 213 AD2d 253 [1st Dept 1995], lv denied 85 NY2d 979 [1995]; People v Vega , 158 AD2d 258, 259 [1st Dept 1990], lv denied 75 NY2d 925 [1990]). The record demonstrates that any advocacy by counsel for YO treatment would have had little or no chance of success.
We have considered and rejected defendant's alternative argument that his prior plea was not knowing, intelligent, and voluntary in light of his cognitive limitations. There is no indication in the record of the plea colloquy "that defendant was uninformed, confused or incompetent" (People v Alexander , 97 NY2d 482, 486 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK