People v Edmee (2020 NY Slip Op 02807)





People v Edmee


2020 NY Slip Op 02807


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-07302
 (Ind. No. 6198/05)

[*1]The People of the State of New York, respondent,
v
Gerdzer Edmee, appellant.


Gruvman Giordano & Glaws, LLP, New York, NY (Charles T. Glaws of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Suzanne M. Mondo, J.), dated May 22, 2018, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Joel Goldberg, J.) rendered August 28, 2007, convicting him of rape in the first degree, criminal sexual act in the first degree, and robbery in the second degree, upon his plea of guilty, and imposing sentence, and pursuant to CPL 440.20 to set aside the sentence imposed.
ORDERED that the order is affirmed.
This case involves a carjacking that occurred shortly after midnight on July 30, 2005, perpetrated by the defendant and several accomplices. The two occupants of the carjacked vehicle were robbed, and the female occupant was repeatedly sexually assaulted. The defendant pleaded guilty to rape in the first degree, criminal sexual act in the first degree, and robbery in the second degree, in exchange for a promised sentence of "at most . . . 17 and-a-half years" of imprisonment. At sentencing, defense counsel asked for a sentence at "the low end of the promised sentence." Because the defendant was 16 years old at the time of the offenses, the Supreme Court imposed a less than maximum sentence of two concurrent determinate terms of imprisonment of 15½ years plus 5 years of postrelease supervision on the convictions of rape in the first degree and criminal sexual act in the first degree, to run concurrently with a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of robbery in the second degree.
In 2017, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that his counsel was ineffective for failing to request youthful offender treatment, and pursuant to CPL 440.20 to set aside the sentence imposed on the ground that his sentence was disproportionate to the sentences imposed upon two of his codefendants. The defendant requested that the judgment be vacated so that he could be considered for youthful offender treatment. By order dated May 22, 2018, the Supreme Court denied his motion. We affirm.
This case involves the defendant's second motion to vacate the judgment of conviction. In the order appealed from, the Supreme Court noted that, in his prior motion, the defendant did not raise the issues raised here. Therefore, the court, in its discretion, could deny the motion pursuant to CPL 440.10(3)(c), which states that "the court may deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a [*2]position adequately to raise the ground or issue underlying the present motion but did not do so." In this case, the court stated that it was exercising that discretion.
CPL 720.10(2)(a)(iii) states that a youth who has been convicted of rape in the first degree or criminal sexual act in the first degree is not eligible for youthful offender treatment "except as provided in subdivision three." Subdivision 3 requires a judicial finding of "(i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10[3]). In this case, the defendant committed criminal sexual act in the first degree against the female complainant— his liability was not solely based upon an acting in concert theory. Further, the fact that the defendant had no prior criminal record was not a mitigating factor that bore directly upon the manner in which the crime was committed (see People v Jones, 166 AD3d 1479; People v Victor J., 283 AD2d 205). Therefore, the failure to request youthful offender treatment does not constitute ineffective assistance of counsel, because such a request would have been futile (see People v Walker, 172 AD3d 572; People v Vega, 158 AD2d 258; People v De Shields, 115 Misc 2d 1038 [Sup Ct, NY County]).
The defendant's remaining contention is without merit (see People v Stevenson, 199 AD2d 350; People v Warden, 141 AD2d 913).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court