Memorandum. The defendant, with the aid of counsel, negotiated a plea and knowingly and intelligently pleaded guilty to assault in the first degree in full satisfaction of an indictment charging him with attempted murder, assault in the first degree and assault in the second degree. He was sentenced to five years’ imprisonment.
The defendant claims that the plea should be vacated because the elements of the crime were "not clearly spelled out” in the statements he made to the court at the time he pleaded guilty. The record shows that he admitted committing the acts alleged and his intent is "readily inferrable” from his statements regarding the circumstances of the crime. Thus the court was not required to make further inquiry before accepting the plea (see People v Serrano, 15 NY2d 304, 307).
The defendant also claims that the sentence is defective because the court did not expressly make a determination on the record, regarding his eligibility for youthful offender treatment, before imposing sentence (CPL 720.20). However, in view of the fact that the defendant made no assertion at the time of sentence that he was entitled to an adjudication of his youthful offender status, his right thereto was waived. The statute requiring the court to make the determination is not like those which by their terms, indicate it is the court’s responsibility to alert the defendant or his lawyer to his rights or the detriment he may suffer (see, e.g., People v McClain, 35 NY2d 483; People ex rel. Gallagher v Follette, 22 NY2d 239; Vehicle and Traffic Law, § 1807). Under the circumstances of this case we find no basis for concluding that the sentence should be set aside.
*907 Accordingly, the order of the Appellate Division should be affirmed.