■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. STEIN, Appellant. — Judgment of conviction insofar as it imposes sentence reversed, on the facts, and otherwise affirmed, and defendant remanded to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: Defendant pleaded guilty to reckless endangerment in the second degree in full satisfaction of a superior court information charging him with reckless endangerment in the second degree and sexual abuse in the first degree and 17 traffic violations. He was sentenced to a one-year definite term of imprisonment. Defendant, a 17-year-old youth with no prior criminal convictions, claims that the sentence is defective because the court failed to make a determination regarding his eligibility for youthful offender treatment before imposing sentence (CPL 720.20). The record reflects that at the plea taking the court, defense counsel and the District Attorney agreed that defendant was eligible for youthful offender determination. A presentence investigation was ordered and the record was sealed. At the time of pronouncing sentence substitute attorneys represented the

defendant and the District Attorney. No claim of defendant's eligibility for adjudication of his youthful offender status was then asserted and no determination of his status was made. Under the circumstances of this case we do not find that defendant's right to an adjudication of his youthful offender status was waived (cf. *People v McGowen*, 42 NY2d 905). Accordingly, the sentence should be set aside and the case remitted to Erie County Supreme Court for a determination in accordance with CPL 720.20. All concur, except Simons and Doerr, JJ., who dissent and vote to affirm, in the following memorandum.

Simons and Doerr, JJ. (dissenting). Defendant, with the aid of counsel, negotiated a plea of guilty to reckless endangerment, second degree, in full satisfaction of a superior court information charging him with that crime, sexual abuse, first degree, and 17 traffic infractions. The charges stemmed from defendant's activities the night of April 25, 1980 after he broke a window at Baker Hall, a residential facility for delinquents, and escaped confinement. He then stole a car and picked up a young woman threatening her at knife point unless she performed a sexual act upon him. The woman escaped and called the police who finally apprehended defendant after a high-speed chase through the City of Buffalo. Charges against defendant for offenses committed the same night were pending in two other towns and involved multiple traffic charges, two stolen car charges and charges for the imprisonment of two young women. This plea bargain did not include charges pending in the two other towns. Defendant was sentenced on his plea to a definite one-year term of imprisonment. He now claims and the majority agree, that his sentence is defective and must be vacated because the court did not make a determination on the record regarding his eligibility for youthful offender treatment before imposing sentence. We dissent and would affirm the judgment. In the absence of any request or claim by defendant or his counsel at the time of sentencing that he was entitled to a youthful offender determination, his right thereto was waived *(People v McGowen*, 42 NY2d 905). The majority distinguish this case from *McGowen* because substitute counsel represented both the People and defendant at the time of the sentence. The record clearly indicates that the change in the prosecutor or defense counsel did not prejudice defendant. The attorney appearing at sentencing was an associate of defendant's original attorney and his appearance at sentencing was expressly contemplated. The minutes reveal that when the plea was taken and the date for sentencing fixed, defense counsel noted his pending surgery and stated that he would assign an associate to appear with defendant at sentencing. Moreover, at the plea hearing counsel noted that defendant was eligible for youthful offender treatment and at his request that fact was noted on the records for the probation department, and the court records were sealed by the Judge pending a probation report. Thus, all parties involved in the youthful offender determination were on notice of defendant's eligibility. At sentencing the associate appearing for defendant stated that he was familiar with the case, that he had examined the presentence report and that he had no factual dispute with its contents. He requested that defendant be sentenced to time served, four months. Under the circumstances, we believe defendant waived any right to a youthful offender determination on the record at sentencing as a matter of law. Moreover, we think the inference is inescapable, in view of the contents of the presentence report, that nothing further was stated on the record at the time of sentencing because both court and counsel recognized that defendant could not be treated as a youthful offender in the "interest of justice" (see CPL 720.20, subd 1, par [a]). The presentence report

establishes that defendant has a lengthy history of institutionalization which includes confinements at psychiatric facilities and correction facilities operated by the State Division for Youth; he has a prior juvenile history which includes complaints of sexual offenses, burglary, auto thefts and setting fires and he has been rejected by several child care agencies because of his "severe sociosexual problems." The probation department found that defendant presented a "clear and present danger to the community" and recommended his confinement. (Appeal from judgment of Erie Supreme Court — reckless endangerment, second degree.) Present — Cardamone, J.P., Simons, Callahan, Doerr and Schnepp, JJ.