■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. KISLOW-SKI, JR., Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered July 6, 1981, convicting defendant upon his plea of guilty of the crimes of burglary, in the second degree and criminal possession of a dangerous weapon in the first degree. ¶ Defendant was indicted on five felony charges: possession of a dangerous weapon in the first degree, promoting prison contraband in the first degree, attempted assault in the second degree, grand larceny in the second degree and burglary in the second degree. In June, 1981, defendant, then age 17, pleaded guilty to the burglary and dangerous weapon charges in full satisfaction of all indictments pending against him. The weapons charge arose out of defendant's involvement in the construction of a match bomb while he was incarcerated at the Schenectady County Jail awaiting disposition of his theft charges. The concurrent sentences of two to six years' imprisonment on each charge were pursuant to a plea bargaining agreement. Defendant presently appeals both convictions. ¶ Defendant contends that the trial court erred in accepting his plea of guilty to the weapons charge. When he changed his plea to guilty on that charge, he stated to the court that he had assisted in the construction of the bomb knowing that it was to be used against a fellow inmate. Later, and

during a long colloquy at sentencing, defendant stated that he did not believe that he was guilty of "possession", although it was obvious that he did not deny his role in the manufacture of the bomb which was sufficient for conviction (Penal Law, § 20.00). That assertion was a minor part of defendant's complaint which was, primarily, that his sentence should be less than that of his codefendant, and that two other persons who participated in the crime had not been charged. Of critical importance is the fact that when defendant was given the opportunity to disavow the plea bargain, he knowingly and voluntarily declined to do so. He should not be given another chance. "Only rigorous adherence by the courts to a policy of affording guilty pleas a great measure of finality will immunize plea negotiations from indiscriminate potshots" (*People v Frederick*, 45 NY2d 520, 525). ¶ As a challenge to both convictions, defendant argues that the trial court erred in failing to make a personal inquiry into whether to afford him youthful offender status. As a part of the plea bargain, defendant agreed to waive his right to be considered for youthful offender status. This fact is fully supported by the record. The District Attorney announced in open court that defendant, as part of the plea bargain, had waived his right to consideration as a youthful offender. Neither in the sentencing proceedings nor in his brief to this court has defendant denied that fact. Accordingly, defendant is deemed to have waived his right to such treatment (*People v McGowen*, 42 NY2d 905, 906). ¶ We have also reviewed defendant's other contentions and find them to be without merit. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.