■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RILEY, Appellant. [695 NYS2d 354] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J., at *Wade* hearing; Edward Davidowitz, J., at plea and sentence), rendered March 7, 1997, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 11 years to life, unanimously affirmed.

Since nothing in defendant's plea allocution cast doubt on his guilt, the court had no obligation to conduct a *sua sponte* inquiry into allegedly exculpatory statements made by defendant at sentencing (*see, People v Negron*, 222 AD2d 327, *lv denied* 88 NY2d 882).

Review of defendant's remaining contentions, including review in the interest of justice, is foreclosed by his valid waiver of the right to appeal (*People v Seaberg*, 74 NY2d 1, 9-10). Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HARTZOG, Appellant. [695 NYS2d 356] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered February 27, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant was not deprived of a fair trial by the prosecutor's misstatement of law during summation since the error concerned a relatively minor issue in the case. Moreover, the court's instructions to the jury in its final charge served to prevent any prejudice (*see, People v Barnes*, 80 NY2d 867). Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.