■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO DIAZ, Also Known as RICARDO MORALES, Also Known as SAMUEL RAMOS, Appellant. [770 NYS2d 36]—

Judgments, Supreme Court, Bronx County (Dominic Massaro, J.), rendered September 30, 1999, as amended July 31, 2000, and October 30, 2000, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree and robbery in the first degree, and sentencing him to concurrent terms of 3 to 9 years and 5 to 15 years, respectively, unanimously modified, on the law, to the extent of vacating the sentence of 5 to 15 years imposed on the robbery in the first degree conviction and imposing a sentence of 5 to 10 years on that conviction, and otherwise affirmed.

Since defendant did not move to withdraw his plea, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662

[1988]), his challenge to the validity of his robbery plea is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would conclude that defendant's plea was knowing, intelligent and voluntary and that there was nothing in the plea allocution that cast significant doubt on his guilt (*People v Toxey*, 86 NY2d 725 [1995]; *see also People v McGowen*, 42 NY2d 905 [1977]).

Defendant was originally sentenced to a term of 5 to 10 years for the crime of robbery in the first degree, which was committed in July 1995. He later moved to set aside the sentence as illegal on the basis that he was improperly sentenced as a second felony offender when in fact he was a first felony offender. The court improperly granted defendant's motion and resentenced him to a term of 5 to 15 years under the mistaken impression that because the crime was committed prior to the 1995 sentencing revisions, the minimum term of incarceration was to be set at one third of the maximum. However, because a firearm was displayed during the commission of the crime, the robbery in the first degree count was an armed felony offense (CPL 1.20 [41]), and the 5 to 10 year sentence that was originally imposed was legal as the court was authorized to impose a minimum term that was between one third and one half of the maximum sentence. Therefore, as the People concede, the court lacked the authority to resentence defendant to a term of 5 to 15 years (CPL 430.10). Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.