■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN FREMPONG, Appellant. [857 NYS2d 158]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered October 31, 2005, convicting defendant, upon his plea of guilty, of insurance fraud in the third degree, and sentencing him to a term of five years' probation with 100 hours of community service and $8,000 in restitution, unanimously affirmed.

Since defendant did not move to withdraw his guilty plea, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), his challenge to the validity of the plea is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record establishes that defendant's plea was knowing, intelligent and voluntary and there was nothing in the plea allocution that cast significant doubt on his guilt (*see People v Toxey*, 86 NY2d 725 [1995]). The requisite intent could be readily inferred from defendant's responses during the allocution (*see People v McGowen*, 42 NY2d 905 [1977]; *see also People v Seeber*, 4 NY3d 780, 781 [2005]). Even if statements defendant made at sentencing in an effort to obtain further leniency could be construed as asserting his innocence, there was no need for the court to conduct a sua sponte inquiry into those remarks in the absence of a motion to withdraw the plea (*see e.g. People v Sands*, 45 AD3d 414 [2007]; *People v Riley*, 264 AD2d 689 [1999], *lv denied* 94 NY2d 906 [2000]). Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.