Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 22, 2007 (as amended April 26, 2007), convicting defendant, upon his plea of guilty, of grand larceny in the second degree and burglary in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 41/2 to 9 years, unanimously affirmed.
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The circumstantial evidence in the possession of the police was sufficient to establish probable cause, which does not require proof beyond a reasonable doubt (see Brinegar v United States, 338 US 160,175 [1949]; People v Bigelow, 66 NY2d 417, 423 [1985]). In investigating the nighttime burglary of an office, the police were aware that there was no forced entry, that the office was accessible by punching a code on a keypad, that defendant knew this code, that defendant had been recently discharged from a job that had included cleaning that particular office, that he had been seen in the building’s lobby at 11:00 p.m. on the night of the burglary, and that he was on parole.
Since defendant did not move to withdraw his guilty plea, and since this case does not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662 [1988]), his challenge to the validity of the plea is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record establishes that defendant’s plea was knowing, intelligent and voluntary and there was nothing in the plea allocution that cast significant doubt on his guilt (see People v Toxey, 86 NY2d 725 [1995]). The requisite elements could be readily inferred from defendant’s responses during the allocution (see People v Mc-Gowen, 42 NY2d 905 [1977]; see also People v Seeber, 4 NY3d 780, 781 [2005]). Concur — Saxe, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.