■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON F. GARBARINI, Appellant. [882 NYS2d 785]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered March 13, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and thus he failed to preserve for our review his contention that County Court erred in sentencing him after he made an exculpatory statement at the sentencing hearing (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Sciascia*, 302 AD2d 980 [2003], *lv denied* 100 NY2d 645 [2003]). In any event, that contention lacks merit. The plea allocution established defendant's guilt, and we note that the court had no obligation to conduct a sua sponte inquiry in response to defendant's statement at sentencing (*see People v Frempong*, 51 AD3d 506 [2008], *lv denied* 11 NY3d 736 [2008]; *People v Sands*, 45 AD3d 414, 415 [2007], *lv denied* 10 NY3d 816 [2008]; *People v Jackson*, 273 AD2d 937 [2000], *lv denied* 95 NY2d 906 [2000]). Indeed, "[t]he court's duty to inquire [is] not triggered by statements [that a] defendant may have made at junctures other than the plea proceeding itself" (*Sands*, 45 AD3d at 415). Defendant also failed to preserve for our review his further contention that the court erred in permitting the

prosecutor to conduct a portion of the plea allocution and, in any event, that contention is also without merit (*see People v Swontek* [appeal No. 1], 289 AD2d 989 [2001], *lv denied* 97 NY2d 762 [2002]; *People v Smith*, 288 AD2d 931, 931 [2001]). Present—Scudder, P.J., Smith, Centra, Peradotto and Green, JJ.