■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FREY, Appellant. [911 NYS2d 610]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered October 8, 2009, as amended October 28, 2009, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him, as a second child sexual assault felony offender, to a term of five years, unanimously affirmed.

The court properly sentenced defendant as a second child sexual assault felony offender (*see* Penal Law § 70.07). It is undisputed that defendant's prior conviction involved a child less than 15 years old, and thus qualified as a predicate felony

conviction under the statute. However, since the age of the victim was not an element of defendant's present sexual abuse conviction under Penal Law § 130.65 (1), the People were also required to establish that the victim of the present crime was under 15. Thus, for enhanced sentencing purposes, the age of the victim became an additional element to be proved. We conclude that defendant's plea allocution satisfied that requirement. When taken together, the statements of defendant, the prosecutor and the court unequivocally demonstrate that defendant admitted the victim was 12 years old at the time of the offense, even if defendant did not use those exact words (*see People v McGowen*, 42 NY2d 905 [1977]; *see also People v Seeber*, 4 NY3d 780, 781 [2005]).

Since the plea allocution established, by way of defendant's admission, that the victim was under 15, a special information (*see* CPL 200.62 [1]) alleging that fact was unnecessary. For the same reason, there was no violation of the principles set forth in *Apprendi v New Jersey* (530 US 466 [2000]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.