The People of the State of New York, Respondent, 
against
David Faria, Appellant.



Appeal from a judgment of the Justice Court of the Town of Beekman, Dutchess County (John C. Garito, J., at plea; Robert D. Ferris, J., at sentence), rendered February 27, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the fourth degree.




ORDERED that the judgment of conviction is affirmed.
According to the accusatory instrument and a supporting deposition, at approximately 5:40 a.m. on October 20, 2012, defendant, while parked in the driveway of a home in Poughquag, Town of Beekman, Dutchess County, exited his car armed with a baseball bat and broke the home's lamppost with the bat. The homeowner, also armed with a baseball bat, then broke the passenger side window of defendant's car. Defendant subsequently broke the homeowner's mailbox "with a large weapon."
Defendant appeared in the Justice Court on December 13, 2012, for the purpose of entering a guilty plea. While no court stenographer was present, a transcript of the proceedings was created from an audiotape.
The prosecutor indicated that he would agree to a conditional discharge if the court issued a five-year order of protection and if defendant agreed to pay restitution or entered into a confession of judgment for the amount of the restitution. Defendant's counsel replied that he would "draw up the confession" of judgment and that defendant was "prepared to make an admission to the . . . charge."
The following then occurred:
"THE COURT: (Indiscernible). Do you understand what that means?
MR. FARIA: Yes, I do, yes, of course.
THE COURT: Well, I'm going to ask you (indiscernible), the Court's going to ask you, are you prepared to plead (indiscernible)?
MR. FARIA: Yes.
THE COURT: Have you discussed this with counsel?
MR. FARIA: Yes, I have.
THE COURT: How do you wish to plead (indiscernible)?
MR. FARIA: Guilty.
THE COURT: The Court accepts your plea of guilty. [*2](Indiscernible) the sentencing, (indiscernible) report?"
On January 9, 2014, defendant moved to withdraw his plea, on the ground that the prosecutor had asked that defendant undergo a mental health or substance abuse evaluation, which was a significant change to the plea offer. The People agreed to withdraw any request that defendant undergo such an evaluation, and the motion was denied, in effect, as academic.
At sentencing, defendant, among other things, told the Justice Court that he had had "15 seconds" to decide whether to plead guilty, and that he was "getting punished for that." Furthermore, he asserted that the homeowner had attacked him with a bat, for which the homeowner had not been prosecuted. The Justice Court indicated that it would not review the plea.
On appeal, defendant contends that he should have been permitted to withdraw his plea based on his statements at sentencing, because they cast doubt upon his guilt, and that his plea should be vacated because the record did not affirmatively indicate that he waived his constitutional rights during the plea allocution.
The People argue, among other things, that the only issue raised in defendant's motion papers to withdraw his plea of guilty was that the People sought to add a requirement that he undergo a mental health or a substance abuse evaluation, which was not part of the plea agreement. Thus, the motion to withdraw his plea did not cast any doubt regarding defendant's guilt. Moreover, defendant's claim that he was not informed of his constitutional rights at the plea was unpreserved for appellate review.
Although portions of the electronically recorded and subsequently transcribed plea and sentence proceedings are indiscernible, for purposes of this appeal, the transcripts are sufficient for a proper adjudication. Thus, defendant's appeal was properly taken (see CPL 460.10 [3]; People v Castro, 42 Misc 3d 140[A], 2014 NY Slip Op 50180[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Finklea, 41 Misc 3d 41, 42-43 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Defendant's motion to withdraw his plea addressed only one issue—whether an additional condition should be imposed requiring defendant to undergo a mental health or a substance abuse evaluation. Defendant did not make any statements at the plea allocution or in his subsequent motion that cast doubt upon his guilt. Consequently, any issue with respect to defendant's guilty plea was unpreserved for appellate review, and the narrow exception to the preservation requirement is inapplicable here (see CPL 470.05 [2]; People v Tyrell, 22 NY3d 359, 364 [2013]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Broadwater, 69 AD3d 643 [2010]; People v Nunez, 56 AD3d 897, 898 [2008]; People v Ray, 40 Misc 3d 132[A], 2013 NY Slip Op 51133[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Furthermore, defendant's statements at sentencing claiming his innocence and/or a possible justification defense are of no moment, as a court has no obligation to conduct a sua sponte inquiry into allegedly exculpatory statements made by a defendant at sentencing that purportedly cast doubt upon his guilt, or that raise a potential defense (see People v Pearson, 110 AD3d 1116 [2013]; People v Garbarini, 64 AD3d 1179 [2009]; People v Jackson, 273 AD2d 937 [2000]; People v Riley, 264 AD2d 689 [1999]). Moreover, his statements amount to " situational coercion' " that "does not undermine the voluntariness of [a] guilty plea" (People v Morey, 110 AD3d 1378, 1379 [2013], quoting People v Seaberg, 74 NY2d 1, 8 [1989]; see People v Miner, 120 AD3d 1449, 1450 [2014]).
Finally, under the circumstances of this case, defendant was required, but failed, to preserve his claim that the Justice Court did not inform him of the constitutional rights he was relinquishing as a result of his guilty plea (see People v Conceicao, 26 NY3d 375 [2015]; People v Tyrell, 22 NY3d at 359; see also People v Rosa, 135 AD3d 434 [2016]). We note that defendant moved to withdraw his plea on January 9, 2014, and thus had the opportunity to raise the issue of the court's failure to inform him of his constitutional rights in that motion.
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: April 07, 2016