■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN DIAZ, Appellant. [60 NYS3d 821]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J. at plea; Ronald A. Zweibel, J. at sentencing), rendered June 22, 2015, as amended September 25, 2015, convicting defendant of sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

Defendant's constitutional challenge to the 1996 predicate conviction supporting his second violent felony offender adjudication is unavailing (*see People v Harris*, 61 NY2d 9, 15-16 [1983]). The Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense" (*People v Seeber*, 4 NY3d 780, 781 [2005] [citations omitted]). Since nothing in defendant's 1996 plea allocution negated an element of first-degree manslaughter or cast doubt on defendant's guilt or the voluntariness of the plea, there was no basis to invalidate it (*see id.*). Moreover, the elements of the crime, and defendant's accessorial liability (*see* Penal Law § 20.00), could be readily inferred from his responses during the allocution (*see People v McGowen*, 42 NY2d 905 [1977]).

We perceive no basis for reducing the sentence, including the 15-year term of postrelease supervision. Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.