People v Kapasakis (2020 NY Slip Op 00075)





People v Kapasakis


2020 NY Slip Op 00075


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10698 4873/15

[*1] The People of the State of New York, Respondent,
v
Peter Kapasakis, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 22, 2016, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him to a term of 90 days and three years' probation, unanimously affirmed.
Defendant has not preserved his challenge to the validity of his guilty plea, as he did not move to vacate his plea before sentencing (People v Williams, 27 NY3d 212, 214 [2016]). This case does not fall within the "narrow exception" where, because of the sequence of events, the defendant has "no practical ability" to move to withdraw his plea (id. at 220-221), Defendant, who was represented by counsel, had the opportunity to seek relief from the sentencing court (see People v Conceicao, 26 NY3d 375, 381 [2015]). As an alternative holding, we find that defendant's plea was knowing, intelligent and voluntary (see People v Toxey, 86 NY2d 725 [1995]). The requisite elements, and defendant's understanding of the crime to which he was pleading guilty, can be readily inferred from the allocution (see People v McGowen, 42 NY2d 905 [1977]; see also People v Seeber, 4 NY3d 780, 781 [2005]).
The sentencing minutes establish that the court imposed an eight-year order of protection under the correct statute. The use of a printed form referring to a different statute was irrelevant to the order's validity and did not affect any substantial right of defendant (see CPL 470.05[1]). Because the order ran from the date of sentencing, rather than from the expiration of the sentence, there was no need for a sentence calculation, and thus defendant was not entitled to credit against the order for the eight days he spent in custody (see CPL 530.13[4]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK