People v Collins (2021 NY Slip Op 00965)





People v Collins


2021 NY Slip Op 00965


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


993 KA 16-00577

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON COLLINS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered June 18, 2015. The judgment convicted defendant upon his plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [4]). Defendant contends that his waiver of the right to appeal is invalid, that County Court erred in denying that part of his omnibus motion seeking to suppress physical evidence, that he did not knowingly, intelligently and voluntarily plead guilty, and that the sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the judgment should be affirmed.
Defendant contends that the court erred in refusing to suppress the physical evidence found in his vehicle because the police lacked probable cause to search the vehicle. We reject that contention. Initially, contrary to the People's assertion, defendant's contention is preserved for our review because defendant challenged the search of the vehicle at the suppression hearing and the court expressly ruled on that issue (see People v Graham, 25 NY3d 994, 997 [2015]; People v Mack, 114 AD3d 1282, 1282 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; cf. People v Lanaux, 156 AD3d 1459, 1460 [4th Dept 2017], lv denied 31 NY3d 985 [2018]). The record establishes, and defendant does not dispute, that the police were entitled to stop his vehicle based on observed violations of the Vehicle and Traffic Law (see People v Ricks, 145 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; see generally People v Robinson, 97 NY2d 341, 349 [2001]; People v Binion, 100 AD3d 1514, 1515 [4th Dept 2012], lv denied 21 NY3d 911 [2013]).
Furthermore, we conclude that, after stopping the vehicle, the police had probable cause to search it. "[I]t is well established that [t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause" to search a vehicle (People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks omitted]). A police officer testified at the suppression hearing that he was familiar with the smell of unburnt marihuana, and that he detected that odor emanating from the vehicle as he approached it (see People v Wright, 158 AD3d 1125, 1126-1127 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]; Mack, 114 AD3d at 1282; Cuffie, 109 AD3d at 1201). Additionally, we discern no basis to disturb the court's credibility assessments, which are entitled to great deference, because "[n]othing about the [challenged] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self contradictory" (People v Walker, 128 AD3d 1499, 1500 [4th Dept 2015], lv denied 26 NY3d 936 [2015]; see generally People v Prochilo, 41 NY2d [*2]759, 761 [1977]; People v Bush, 107 AD3d 1581, 1582 [4th Dept 2013], lv denied 22 NY3d 954 [2013]).
Defendant also contends that the plea should be vacated on the ground that the plea colloquy is factually insufficient because it undermined his admission of guilt. Defendant failed, however, to preserve that contention for our review (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Sheppard, 154 AD3d 1329, 1329 [4th Dept 2017]; People v Brinson, 130 AD3d 1493, 1493 [4th Dept 2015], lv denied 26 NY3d 965 [2015]), and this case does not fall within the narrow exception to the preservation requirement. To the extent that defendant negated an essential element of the crime by denying any knowledge of his codefendants' intent to commit a burglary when defendant drove them to and from the crime scene (see People v Lopez, 71 NY2d 662, 666 [1988]), we note that the court immediately conducted the requisite further inquiry to ensure that defendant's guilty plea was knowing, intelligent, and voluntary (see id.; People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]; People v Waterman, 229 AD2d 1013, 1013 [4th Dept 1996]). We also conclude that "defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017] [internal quotation marks omitted]; see People v Bonacci, 119 AD3d 1348, 1349 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]; People v Ocasio, 265 AD2d 675, 677-678 [3d Dept 1999]).
Finally, we conclude that the bargained-for sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court