People v Cruz (2021 NY Slip Op 01917)





People v Cruz


2021 NY Slip Op 01917


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


320 KA 16-00549

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MELVIN G. CRUZ, ALSO KNOWN AS MELVIN GONZALEZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered April 2, 2015. The judgment convicted defendant, upon a plea of guilty, of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of rape in the first degree (Penal Law
§ 130.35 [4]). We affirm. Defendant contends that the plea was not voluntary because County Court abused its discretion in denying his request for an adjournment of the scheduled trial. Defendant failed to preserve that contention for appellate review because he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108-2109 [4th Dept 2020]). Furthermore, the narrow exception to the preservation requirement does not apply (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, we conclude that the court did not abuse its discretion in denying defendant's request for an adjournment (see People v Spears, 24 NY3d 1057, 1058-1060 [2014]; People v Brown, 159 AD2d 1011, 1011 [4th Dept 1990], lv denied 76 NY2d 731 [1990]). "The court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Arroyo, 161 AD2d 1127, 1127 [4th Dept 1990], lv denied 76 NY2d 852 [1990]; see People v Bones, 50 AD3d 1527, 1528 [4th Dept 2008], lv denied 10 NY3d 956 [2008]), and here defendant failed to make the requisite showing of prejudice.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court