People v Cummings (2025 NY Slip Op 04314)

People v Cummings

2025 NY Slip Op 04314

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

378 KA 24-00485

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HEATH M. CUMMINGS, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Steuben County (Jason L. Cook, J.), rendered February 16, 2024. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted rape in the first degree (Penal Law
§§ 110.00, former 130.35 [1]), defendant contends that he did not validly waive his right to appeal, that his guilty plea was not entered knowingly, intelligently, or voluntarily, and that his sentence is unduly harsh and severe. Contrary to defendant's contention, the record establishes that the oral colloquy, together with the written waiver of the right to appeal, was adequate to ensure that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Taylor, 192 AD3d 1683, 1684 [4th Dept 2021], lv denied 37 NY3d 968 [2021]), and we reject defendant's contention that Supreme Court's statements at sentencing invalidated his appeal waiver (see People v Snyder, 153 AD3d 1662, 1663 [4th Dept 2017]). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence.
Although the valid waiver of the right to appeal does not preclude defendant's challenge to the voluntariness of his plea, defendant failed to preserve that challenge for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]). This case nevertheless falls within the rare exception to the preservation requirement because defendant's recitation of the facts, specifically those with respect to the element of forcible compulsion, negated an essential element of the crime pleaded to (see People v Lopez, 71 NY2d 662, 666 [1988]). The court thus had a duty to conduct an inquiry to ensure that defendant understood the nature of the crime (see id.).
Here, the court properly engaged defendant in the requisite further inquiry before accepting his guilty plea, and defendant subsequently agreed that he acted with physical force. We conclude that "defendant's responses to the court's subsequent questions removed [any] doubt about [his] guilt" (People v Collins, 191 AD3d 1469, 1471 [4th Dept 2021], lv denied 36 NY3d 1118 [2021] [internal quotation marks omitted]; cf. People v Hernandez, 185 AD3d 1428, 1429 [4th Dept 2020]). Contrary to defendant's contention, the court had no obligation to conduct an inquiry in response to defendant's statements at sentencing or during the presentence investigation (see People v Garbarini, 64 AD3d 1179, 1179 [4th Dept 2009], lv denied 13 NY3d 744 [2009]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court