■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN ZZ., Appellant. [656 NYS2d 519] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 22, 1996, which revoked defendant's probation and sentenced defendant as a youthful offender.

Defendant was convicted on November 13, 1995 upon a plea of guilty of the crime of grand larceny in the fourth degree. The conviction was vacated and he was adjudicated a youthful offender and sentenced to five years' probation and a concurrent jail term of 180 days. While on probation, defendant was arrested on a charge of robbery in the second degree in connection with an incident occurring on February 23, 1996. A violation of probation was issued based on this arrest,* a declaration of delinquency was filed by County Court and a bench warrant was issued for defendant's arrest.

During an April 22, 1996 probation violation hearing, as part of a negotiated plea agreement, defendant admitted that he violated probation when he entered a garage on February 23, 1996 with the intent to steal items contained therein and that he had been arrested for the crime. As agreed, County Court terminated his sentence of probation, vacated the declaration of delinquency and resentenced him as a youthful offender to a prison term of 1 to 4 years. Defendant now appeals.

We affirm. Defendant claims that reversal of the judgment is warranted because County Court did not have reasonable cause to file the declaration of delinquency or to issue a bench warrant for his arrest (see, CPL 410.30, 410.40 [2]). A review of the record discloses, however, that defendant failed to raise any objection to the declaration of delinquency or to the warrant prior to entering a plea of guilty of violating probation and has thus not preserved the issue for our review (see, CPL 470.05 [2]). In any event, having admitted his guilt to violating the terms of his probation and not having challenged the validity of his plea, we find that defendant has waived the issue (see, People v Petersen, 53 AD2d 935, 936).

As to defendant's argument that the sentence was harsh and

---

* The violation of probation affidavit was subsequently amended to allege that defendant had been arrested on April 1, 1996 for the crimes of burglary in the third degree, grand larceny in the third degree and criminal mischief in the fourth degree, also in connection with incidents occurring on February 23, 1996.

excessive, we disagree. The sentence was within the statutory guidelines and was a part of a negotiated plea agreement which included a promise by the People not to pursue several pending felony and misdemeanor charges against defendant. In light of this, as well as defendant's prior extensive involvement with the legal system and his demonstrated inability or unwillingness to comply with the terms of his probation, we perceive no reason to disturb the sentence imposed (*see, People v John W.*, 224 AD2d 856, *lv denied* 88 NY2d 967; *People v Van Hoesen*, 213 AD2d 944, *lv denied* 85 NY2d 981; *People v Jeffrey L.*, 207 AD2d 938; *People v James E.*, 206 AD2d 570).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

