■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MOORE, Appellant. [690 NYS2d 75] —Appeal by the defendant from an amended judgment of the County Court, Orange County (Berry, J.), rendered April 3, 1996, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

The defendant failed to appeal from the original judgment. Thus, his challenge to the plea proceeding is jurisdictionally foreclosed (*see, People v McMillan,* 228 AD2d 166; *People v Serrano,* 203 AD2d 395). Moreover, his failure to move to withdraw that plea or to vacate the judgment and sentence entered thereon renders his challenge unpreserved for appellate review (*see, People v Lopez,* 71 NY2d 662, 665-666).

By admitting that he had violated his probation, by expressly waiving the right to a hearing thereon, and by failing to challenge the validity of his admission to a violation of probation, the defendant has waived and has failed to preserve for appellate review his claim that a hearing on the violation of probation was required before resentencing (*see, People v Justin ZZ.,* 238 AD2d 810; *People v Petersen,* 53 AD2d 935, 936; *see also, People v Mattison,* 232 AD2d 676, 677).

The defendant received the effective assistance of counsel (*People v Baldi,* 54 NY2d 137, 146).

The term of imprisonment imposed is not excessive. The court was fully aware of the defendant's drug problem and had given him many chances to remain on probation and to obtain treatment for his drug problem (*see, People v Gagnon,* 245 AD2d 593, 595; *People v Justin ZZ., supra,* at 811). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.