■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES S. PLANTZ, Appellant. [735 NYS2d 826] —Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 26, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

In April 2000, County Court imposed a sentence that included a five-year period of probation upon defendant's conviction of burglary in the third degree. In January 2001, a declaration of delinquency was filed alleging that defendant had been arrested for the commission of a crime. Shortly thereafter, a second declaration of delinquency was filed alleging that defendant had consumed alcohol and entered a place where alcohol was served for on-premises consumption again in violation of his probation.* While represented by counsel, defendant voluntarily admitted both violations and was sentenced to the agreed-upon prison term of 1½ to 4½ years.

Initially, defendant contends a lack of compliance with the requirements of CPL 410.70. Inasmuch as both declarations of delinquency provided defendant with adequate notice of the charges and he was given an opportunity to be heard, the minor typographical error contained in both documents regarding the date that defendant was placed on probation did not deprive him of his statutory or due process rights (*see, People v Mallory*, 191 AD2d 970).

Defendant's claim that his arrest did not provide reasonable grounds for County Court to file the first declaration of delinquency was not preserved for our review by appropriate objection before he admitted to the violation of his probation (*see, People v Justin ZZ.*, 238 AD2d 810). Additionally, we note that defendant's admissions to the conduct alleged in the petitions provided a sufficient basis for County Court's finding that defendant violated the conditions of his probation (*see, CPL 410.70 [2]*).

We have considered defendant's remaining arguments,

---

* While the second declaration of delinquency states that it is an "amended" document, it is clear from the record that the second declaration was a supplemental document not intended to replace the first declaration of delinquency.

including his contention that the sentence was unduly harsh, and find them unpersuasive under the circumstances.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.