■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY LENT, Appellant. [780 NYS2d 922]—

Appeal by the defendant from an amended judgment of the County Court, Westchester County (Zambelli, J.), rendered May 7, 2002, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of rape in the first degree.

Ordered that the amended judgment is affirmed.

At the time the defendant admitted to the violation of probation, the County Court promised to continue his probation provided that he attend and satisfactorily participate in a sexual offender treatment program and comply with the special conditions of probation before the sentencing date. The County Court indicated that if the defendant failed to comply with these conditions, it would impose a term of incarceration. The defendant failed to satisfactorily participate in the sexual offender treatment program and otherwise violated several of the special conditions of probation.

The defendant's contention that his conduct did not amount to a violation of the conditions of probation imposed by the County Court at the time of his admission to the violation of probation is unpreserved for appellate review because the defendant did not raise the issue at sentencing and did not move to withdraw his plea or vacate the amended judgment on this ground (*see People v Moore,* 4 AD3d 538, 539 [2004]; *People v Rooney,* 299 AD2d 565 [2002]; *People v Owens,* 294 AD2d 603 [2002]). In any event, the County Court properly imposed a sentence of incarceration based on the defendant's undisputed violation of the conditions of his admission agreement (*see People v Miles,* 268 AD2d 489, 490 [2000]; *People v Knowles,* 244 AD2d 425 [1997]).

The defendant's contention that he was denied his constitutional right to due process is also unpreserved for appellate review (*see People v Viruet,* 288 AD2d 407 [2001]), and, in any event, is without merit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.