■ The People of the State of New York, Respondent, v Charleston R. Alvarez, Appellant. [810 NYS2d 490]—Appeal by the defendant from an amended judgment of the County Court, Westchester County (Colangelo, J.), rendered June 23, 2004, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of custodial interference in the first degree.

Ordered that the amended judgment is affirmed.

The defendant's contention that the revocation of his sentence of probation was improper because the County Court's file in this case did not contain a written declaration of his delinquency is unpreserved for appellate review because the defendant did not move to withdraw his admission to violating a condition of his probation (*see People v Viruet*, 288 AD2d 407 [2001]; *People v Lent*, 10 AD3d 457 [2004]).

Likewise, the defendant's claim that the sentencing court erred in revoking his probationary sentence because he allegedly only failed to report to his probation officer on a single occasion is also unpreserved for appellate review because the defendant did not raise the issue at sentencing and did not move to withdraw his admission or vacate the amended judgment on this ground (*see People v Lent, supra*; *People v Moore*, 261 AD2d 421 [1999]; *People v Rooney*, 299 AD2d 565 [2002]). Further, by admitting that he had violated his probation and by failing to challenge the validity of his admission to a violation of proba-

tion, the defendant waived this claim and failed to preserve it for appellate review (*see People v Moore, supra*).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.