■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW PAGAN, Appellant. [810 NYS2d 370]—Appeals by the defendant from (1) an amended judgment of the County Court, Orange County (DeRosa, J.), rendered March 25, 2003, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated certain conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of stolen property

in the third degree, under Superior Court information No. 01-0050, (2) an amended judgment of the same court also rendered March 25, 2003, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated certain conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender for burglary in the second degree, under Superior Court information No. 01-0134, and (3) an amended judgment of the same court also rendered March 25, 2003, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated certain conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender for escape in the second degree, under Superior Court information No. 01-0194.

Ordered that the amended judgments are affirmed.

The defendant never filed a notice of appeal from a judgment of conviction rendered May 15, 2001, upon his plea of guilty under Orange County Superior Court information No. 01-0050 to criminal possession of stolen property in the third degree. Accordingly, his claim that the County Court erred in failing to treat him as a youthful offender is not properly before this Court (*see People v Park,* 203 AD2d 596 [1994]).

The defendant's waivers of his right to appeal preclude review of his claim that the sentences imposed were excessive (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Kimbrough,* 25 AD3d 810 [2006].

The defendant's remaining contentions are also not properly before the Court based upon his failure to appeal from the original judgments of conviction (*see People v Moore,* 261 AD2d 421 [1999]). Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.