THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHEED EMERY, Appellant. [836 NYS2d 302]—

Appeal by the defendant from an amended judgment of the Supreme Court, Westchester County (Adler, J.), rendered September 29, 2005, revoking a sentence of probation previously imposed by the same court (Perone, J.), upon a finding that he had violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

A violation of probation petition was filed against the defendant and, on September 29, 2005, he voluntarily, knowingly, and intelligently admitted that he had violated certain conditions of his probation (*see People v Ramirez*, 29 AD3d 1022 [2006]). Based on the admissions, the Supreme Court revoked the defendant's probation and sentenced him in accordance with the court's commitment as to sentencing as part of the defendant's plea agreement.

The defendant's contentions that he was denied certain statutory and constitutional rights in connection with the violation

of probation proceeding are unpreserved for appellate review since the defendant did not raise these issues at sentencing and did not move to withdraw his admissions or vacate the amended judgment (*see People v Alvarez,* 26 AD3d 442 [2006]; *People v Lent,* 10 AD3d 457 [2004]; *People v Viruet,* 288 AD2d 407 [2001]). In any event, these contentions are without merit since the defendant admitted to a series of crimes he was convicted of between May 2002 and September 2004, during his probation, in violation of the terms of his probation and the record reflects that he received meaningful representation of counsel (*see People v Fecu,* 38 AD3d 565 [2007]). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.