Egan Jr., J.
County Court thereafter conducted a violation of probation hearing, during the course of which the court took judicial no *1489 tice of, among other things, defendant’s recent criminal conviction. As a result, defendant was found to have violated the terms of her probation, and she thereafter was sentenced to 2V2 years in prison followed by two years of postrelease supervision. This appeal ensued.
We affirm. To the extent that defendant contends that the asserted delay in issuing the declaration of delinquency deprived her of a prompt hearing (see CPL 410.30, 410.70 [1]), her failure to raise this issue at the violation hearing renders it unpreserved for our review (see People v Mills, 45 AD3d 892, 894 [2007], lv denied 9 NY3d 1036 [2008]; People v Williams, 19 AD3d 868, 869 [2005]). Turning to the merits, the People bore the burden of proving — by a preponderance of the evidence— that defendant violated a condition of her probation (see CPL 470.10 [3]; People v Hunter, 62 AD3d 1207, 1208 [2009]). A court may, as County Court did here, take judicial notice of its own prior proceedings (see People v Byrd, 57 AD3d 442, 443 [2008], lv dismissed and denied 12 NY3d 795 [2009]), and defendant’s underlying criminal conviction was more than sufficient to establish that she violated a condition of her probation (see CPL 410.10 [2]; People v Minard, 161 AD2d 607, 607 [1990], lv denied 76 NY2d 861 [1990]). Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.