■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT HILL, Appellant. [50 NYS3d 614]—

Devine, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 10, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was charged with multiple crimes after he violated an order of protection by having contact with a former girlfriend. He pleaded guilty to criminal contempt in the first degree in satisfaction of the charges and was sentenced to a split sentence of six months in jail and five years of probation. Shortly after sentencing, defendant had further contact with his former girlfriend and fled from the police when they tried to apprehend him. As a result, defendant was arrested and charged with criminal contempt in the first degree and resisting arrest, as well as violating certain conditions of his probation as set forth in a declaration of delinquency and an

amended declaration of delinquency.[1] Following a hearing on the probation violations, defendant was found guilty of violating condition five as alleged in specifications two, three and four of the amended declaration of delinquency. Consequently, his probation was revoked and he was sentenced to $1\frac{1}{3}$ to 4 years in prison. Defendant now appeals.

Initially, we note that defendant's challenge to the sufficiency of the declaration of delinquency has not been preserved for our review due to his failure to raise an appropriate objection before County Court (*see* CPL 470.05 [2]; *People v Plantz*, 290 AD2d 594, 594 [2002], *lv denied* 98 NY2d 639 [2002]; *People v Justin ZZ.*, 238 AD2d 810, 810 [1997]). Turning to the merits, CPL 410.70 (3) requires a showing by "a preponderance of the evidence" that defendant violated a condition of his probationary sentence (*see People v Beauvais*, 101 AD3d 1488, 1489 [2012]). The record reflects that defendant was not provided with a written copy of the conditions of probation that he was charged with violating as required by the statute and did not review the conditions with his probation officer (*see* CPL 410.10 [1]; *People v Britton*, 158 AD2d 932, 933 [1990], *lv dismissed and denied* 76 NY2d 785 [1990]). County Court nevertheless took judicial notice of its own prior proceedings, in which defendant was informed that both the terms of the order of protection and the conditions of his probation prohibited him from having contact with his former girlfriend and her family (*see People v Beauvais*, 101 AD3d at 1489). In any event, CPL 410.10 (2) provides that probation may be revoked upon "[c]ommission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation" regardless of whether defendant was informed of the conditions of probation (*see People v Britton*, 158 AD2d at 933).

Here, the police officer who responded to the incident that led to the present violation proceedings testified that he received a call from the dispatcher indicating that defendant was attempting to gain entry to his former girlfriend's apartment in violation of the order of protection. When the officer arrived on the scene, he witnessed defendant trying to open the apartment door and yelling obscenities. He related that, when he attempted to take defendant into custody, defendant physically resisted and then fled until he was eventually apprehended. Defendant was charged, as a result of this conduct, with criminal contempt in the first degree and resisting arrest. In view of the uncontested evidence establishing that defend-

---

1. The first three specifications are the same in the declaration of delinquency and the amended declaration of delinquency.

ant violated a condition of his probation and also committed criminal acts, County Court did not err in revoking his probation.[2]

As for the sentence, we find no merit to defendant's claim that it is harsh and excessive. Defendant has a history of criminal conduct and violated the order of protection at issue approximately one week after it was imposed by County Court. Accordingly, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Abar, 290 AD2d 592, 593-594 [2002], affd 99 NY2d 406 [2003]). We have considered defendant's remaining contentions and find them to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Although the record does not indicate whether defendant was convicted of these crimes, a conviction was not necessary to warrant revocation (see People v Schneider, 188 AD2d 754, 756 [1992], lv denied 81 NY2d 892 [1993]).