People v Taquiz F. (2018 NY Slip Op 02152)





People v Taquiz F.


2018 NY Slip Op 02152


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-01802
2016-01803

[*1]The People of the State of New York, respondent,
v
Taquiz F. (Anonymous), appellant. (S.C.I. Nos. 1176-13, 1580-13)


Matthew Muraskin, Port Jefferson, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two amended judgments of the Supreme Court, Nassau County (Christopher G. Quinn, J.), both rendered January 21, 2016, revoking sentences of probation previously imposed by the same court (George R. Peck, J.), upon a finding that he violated conditions thereof, upon his admission, and imposing sentences of imprisonment upon his previous adjudications as a youthful offender for attempted robbery in the third degree under Superior Court Information No. 1176-13, and attempted burglary in the second degree and criminal mischief in the fourth degree under Superior Court Information No. 1580-13.
ORDERED that the amended judgments are affirmed.
After the defendant was adjudicated a youthful offender under two separate superior court informations in September 2013, he failed to file notices of appeal within the 30-day statutory period (see CPL 460.10[1]). In January 2016, the defendant was found, upon his admission, to be in violation of the terms of his probation. The Supreme Court revoked the defendant's probation and imposed sentences of incarceration. On these appeals, the defendant challenges the validity of his original pleas of guilty.
The defendant is foreclosed from challenging the validity of his original pleas of guilty on these appeals from the amended judgments (see People v Whitlock, 114 AD3d 970, 971; People v Pagan, 27 AD3d 580, 581). Since the defendant does not challenge the finding that he violated the terms of his probation or the sentences imposed thereon, we affirm the amended judgments.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court