People v Parson (2019 NY Slip Op 08869)





People v Parson


2019 NY Slip Op 08869


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-10522
 (Ind. No. 13-00083)

[*1]The People of the State of New York, respondent,
v
Johnathan A. Parson, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel; Erin Heiferman on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered August 16, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.
ORDERED that the amended judgment is affirmed.
Under the circumstances of this case, the defendant had 1½ years between his admission of a violation of probation and the revocation of his probation in which to raise his contention that he was deprived of certain statutory and constitutional rights in connection with the violation of probation proceeding. Since he failed to do so, his contention is unpreserved for appellate review (compare People v Montenegro, 153 AD3d 553, 554, with People v Emery, 40 AD3d 1009, 1010), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Seaberg, 74 NY2d 1, 9; People v Molina, 146 AD3d 815).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court