People v Verin (2021 NY Slip Op 00668)





People v Verin


2021 NY Slip Op 00668


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


51 KA 12-00216

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VLADIMIR . VERIN, DEFENDANT-APPELLANT. 






FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 19, 2011. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [vi]) and sentencing him to a term of incarceration based on his admission that he violated three conditions of probation. We affirm. Defendant contends that his admission to the violation of probation was not knowingly, voluntarily, or intelligently entered and that his waiver of the right to appeal is invalid. Because defendant's challenge to the voluntariness of his admission survives even a valid waiver of the right to appeal (see People v Fairman, 38 AD3d 1346, 1347 [4th Dept 2007], lv denied 9 NY3d 865 [2007]; see also People v Hazel, 145 AD3d 797, 798 [2d Dept 2016], lv denied 29 NY3d 949 [2017]), there is no reason for us to address defendant's contention regarding the validity of the waiver in this case.
Defendant's contention concerning the voluntariness of his admission is unpreserved for our review because defendant did not move on that ground either to withdraw his admission to the violation of probation or to vacate the judgment revoking his sentence of probation (see People v Fox, 159 AD3d 1435, 1435 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; People v Carncross, 48 AD3d 1187, 1187 [4th Dept 2008], lv dismissed 10 NY3d 932 [2008], lv denied 11 NY3d 830 [2008]; People v Barra, 45 AD3d 1393, 1393-1394 [4th Dept 2007], lv denied 10 NY3d 761 [2008]). Moreover, the narrow exception to the preservation rule does not apply here (see People v Lopez, 71 NY2d 662, 666 [1988]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court