People v Espinoza (2021 NY Slip Op 03329)





People v Espinoza


2021 NY Slip Op 03329


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-12254

[*1]The People of the State of New York, respondent,
v
Jovan J. Espinoza, appellant. (S.C.I. No. 312/13)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 21, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and sentencing him to a determinate term of imprisonment of one year to be followed by a period of postrelease supervision of two years on his previous conviction of criminal possession of a controlled substance in the third degree.
ORDERED that the amended judgment is affirmed.
The defendant's contention that his admission at the violation of probation proceeding was invalid is unpreserved for appellate review. Although he had an adequate opportunity to do so, the defendant "did not raise these issues at sentencing and did not move to withdraw his admissions or vacate the amended judgment" (People v Emery, 40 AD3d 1009, 1010; see People v Alvarez, 26 AD3d 442; People v Lent, 10 AD3d 457; People v Viruet, 288 AD2d 407; People v Tavares, 197 AD2d 552). Under the circumstances, we decline to review this contention as a matter of discretion in the interest of justice (see CPL 470.15[6]).
The defendant has completed the term of imprisonment imposed, and thus, his arguments concerning this portion of the sentence have been rendered academic (see People v Stewart, 188 AD3d 932, 933; People v Worrell, 158 AD3d 828, 828; People v Rodriguez, 269 AD2d 613, 613; People v Young, 253 AD2d 676, 677).
The defendant's contention that the period of postrelease supervision imposed was illegal is without merit (see Penal Law § 70.45[2][b]). Contrary to the defendant's further contention, the period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court