People v Liberatore (2022 NY Slip Op 05638)

People v Liberatore

2022 NY Slip Op 05638

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

718 KA 21-00119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYLER A. LIBERATORE, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered December 3, 2020. The judgment revoked a sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed on his conviction for attempted criminal sale of a controlled substance in the third degree (Penal Law
§§ 110.00, 220.39 [1]) and sentencing him to a term of incarceration based on his admission that he violated probation by committing acts that constituted a felony. We affirm.
Although defendant initially contends that his waiver of the right to appeal is unenforceable, the record does not reflect that he was asked to waive his right to appeal or that he agreed to do so. In any event, defendant's only substantive contention—that his admission was involuntarily entered—would survive a valid waiver of the right to appeal (see People v Fairman, 38 AD3d 1346, 1347 [4th Dept 2007], lv denied 9 NY3d 865 [2007]).
Defendant's challenge to the voluntariness of his admission is unpreserved for our review because he "did not move on that ground either to withdraw his admission to the violation of probation or to vacate the judgment revoking his sentence of probation" (People v Verin, 191 AD3d 1245, 1246 [4th Dept 2021]; see also People v Fox, 159 AD3d 1435, 1435 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). The narrow exception to the preservation rule recognized in People v Lopez (71 NY2d 662, 666 [1988]) does not apply (see People v Cruz, 192 AD3d
1683, 1683 [4th Dept 2021], lv denied 37 NY3d 955 [2021]).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court