People v Soto (2023 NY Slip Op 50784(U))

[*1]

People v Soto (Julio)

2023 NY Slip Op 50784(U)

Decided on July 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2022-54 S CR

The People of the State of New York, Respondent,
against
Julio Fredy Polanco Soto, Appellant. 

Patricia Weiss, for appellant.
Suffolk County District Attorney (Kim Marie Carson of counsel), for respondent.

Appeal from an amended judgment of the Justice Court of the Town of East Hampton, Suffolk County (Steven Tekulsky, J.), rendered November 3, 2021. The amended judgment, upon defendant's admission that he had violated a condition of probation, restored the three-year term of probation previously imposed, with no credit for the time defendant was in violation of probation.

ORDERED that the amended judgment is affirmed.
In July 2009, defendant pleaded guilty to common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and was sentenced, in September 2009, to, among other things, three years' probation. In April 2011, the Justice Court was informed that defendant had failed to report to his probation officer five times and that, in November 2010, defendant had left the United States and traveled to Peru. Thereafter, in April 2011, the Justice Court (Catherine A. Cahill, J.) issued a declaration of delinquency (DoD) and issued a warrant for defendant's arrest. In May 2021, more than 10 years later, defendant appeared in the Justice Court (Steven Tekulsky, J.) with his attorney, the warrant was recalled, and defendant was instructed to report to probation. In November 2021, defendant admitted to violating a condition of his probation, and was restored to the three-year term of probation previously imposed, with no credit for the time defendant was in violation of probation (VoP).
Defendant contends, for the first time on appeal, that the Justice Court's failure to, among [*2]other things, adhere to various due process standards, as well as the mandates of CPL 410.70, resulted in the expiration of his three-year term of probation in 2012 and, therefore, the court had no subject matter jurisdiction over the VoP in 2021; and that, since the statement required by CPL 410.70 "is the functional equivalent of the accusatory instrument used in a criminal prosecution," if the statement is not filed, a sentence of probation is not tolled prior to its natural expiration.
The Court of Appeals stated in Matter of Markim Q. (7 NY3d 405, 410 [2006]) that a VoP petition "is not the foundation of the court's jurisdiction. It does not commence a new proceeding, but is simply a new step in an existing one." Therefore, contrary to defendant's contention, a CPL 410.70 statement is not the functional equivalent of an accusatory instrument and, thus, the Justice Court had subject matter jurisdiction over the instant matter. In addition, contrary to defendant's contention, the April 2011 filing of the DoD tolled the expiration of the three-year term of probation (see Penal Law § 65.15 [2]; People v Douglas, 94 NY2d 807, 808 [1999]; People v Shabazz, 12 AD3d 782, 783 [2004]).
For the first time on appeal, defendant contends that the DoD was not properly issued. However, since defendant failed to raise this issue at sentencing, and did not move to withdraw his admission or vacate the amended judgment on this ground, it is unpreserved for appellate review (see People v Alvarez, 26 AD3d 442 [2006]; People v Lent, 10 AD3d 457 [2004]). Likewise, defendant's contention thathis resentence was improper because the Justice Court did not comply with the requirements of CPL 410.70 is unpreserved for appellate review (see Douglas, 94 NY2d at 808; People v Brandon, 35 AD3d 876, 876-877 [2007]; People v Hanner, 21 Misc 3d 134[A], 2008 NY Slip Op 52192[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Moreover, defendant's contentions that a state judge does not have the authority to enhance a probationary sentence and that CPL 410.70 is unconstitutional, both raised for the first time on appeal, are unpreserved for appellate review (see CPL 470.05 [2]). We also note that the constitutional issue is not properly before this court since defendant failed to notify the Attorney General that he was challenging the constitutionality of a state statute (see CPLR 1012 [b] [1], [3]; People v Whitehead, 46 AD3d 715, 716 [2007]).
To the extent that defendant contends that his VoP admission was not made voluntarily and knowingly, this issue is unpreserved for appellate review because defendant failed to "move on that ground either to withdraw his admission to the violation of probation or to vacate the judgment revoking his sentence of probation" (People v Verin, 191 AD3d 1245, 1246 [2021]; see also People v Liberatore, 209 AD3d 1291, 1292 [2022]; People v Fox, 159 AD3d 1435, 1435 [2018]). In addition, the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply herein (see Liberatore, 209 AD3d at 1292; Verin, 191 AD3d at 1246). Furthermore, although defendant correctly argues that his challenge to the determination that he had violated a condition of his probation is not rendered moot once the probationary term has been completed (see People v Hancarik, 202 AD3d 1151 [2022]; People v Wiggins, 151 AD3d 1859, 1859 [2017]), said challenge, made for the first time on appeal, is unpreserved for appellate review (see Liberatore, 209 AD3d at 1292; Verin, 191 AD3d at 1246; Fox, 159 AD3d at 1435).
Defendant's remaining contentions are either unpreserved for appellate review or lack [*3]merit.
Accordingly, the amended judgment is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2023